# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHANIEL RAY DOSCH,<br><br>Defendant. | Case No.   2:14-CR-00422-GW-1<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On August 29, 2024, Defendant Nathaniel Ray Dosch ("Defendant") appeared before the Court on the warrant for arrest issued by the District Court upon his failure to appear at the scheduled September 18, 2024 hearing for revocation of supervised release, issued in this matter, Case No. 2:14-CR-00422-GW-1.  The Court appointed Rebecca M. Abel of the Federal Public Defender's Office to represent Defendant.

///

///

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release, the Court finds that:

A.    ☒    Defendant submitted to the Government's Request for Detention;

B.    ☒    Defendant has not carried his burden of establishing by clear and convincing evidence that he will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

- Absconded since the issuance of the 2014 bench warrant;
- Unverified background;
- Unknown mental health;
- Unknown substance use;
- No bail resources;
- Multiple name variations.

D.    ☒    Defendant has not carried his burden of establishing by clear and convincing evidence that he will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

- Nature of instant allegations;
- Extensive criminal history with felony convictions;
- Similar criminal patterns;
- Active restraining warrant.

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled

substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g).]  The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.


IV.

IT IS THEREFORE ORDERED that Defendant be detained pending further proceedings.


Dated: August 29, 2024          _____
                                          MARIA A. AUDERO
                                  UNITED STATES MAGISTRATE JUDGE